```
                           UNITED STATES DISTRICT COURT
                           SOUTHERN DISTRICT OF FLORIDA

                           CASE NO. 10-14038-Civ-GRAHAM
                           MAGISTRATE JUDGE P.A. WHITE

KENNETH KITCHEN,                :

     Petitioner,                :

v.                              :      REPORT OF
                                       MAGISTRATE JUDGE
WALTER A. McNEIL,               :

     Respondent.                :
_____
```

## I. Introduction

Kenneth Kitchen, who is presently confined at the Reception and Medical Center, West Unit, in Lake Butler, Florida, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, attacking his conviction and sentence in case number 04-3488, entered in the Nineteenth Judicial Circuit Court for St. Lucie County.

This cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

The Court has before it the petition for writ of habeas corpus [DE# 1], Kitchen's motion to defer ruling on merits [DE# 4] and the Respondent's motion to dismiss [DE# 5].

## II. Procedural History

Kitchen was convicted of grand theft of a motor vehicle and high speed or wanton fleeing from a law enforcement officer. The Fourth District Court of Appeal affirmed his conviction and

sentence on September 12, 2007, and denied rehearing on October 25, 2007. <u>Kitchen v. State</u>, 965 So. 2d 252 (Fla. 4th DCA 2007) (4D06-3237).

According to Kitchen's petition, he filed his first motion for Rule 3.850 post-conviction relief in State court on April 15, 2008. The trial court denied relief and the appeal is presently pending in the Fourth District Court of Appeal, case 4D09-3237.[1] In his petition, Kitchen concedes he has filed subsequent motions for collateral relief which the trial court is holding in abeyance pending the outcome of the appeal in case 4D09-3237.

Kitchen filed the instant petition on December 10, 2009,[2] in which he raises several claims of ineffective assistance of counsel. He filed a motion to defer ruling on the merits of his habeas petition in which he essentially seeks a stay pending exhaustion of his State court remedies.

"Federal habeas relief is available to state prisoners only after they have exhausted their claims in state court. 28 U.S.C. §§ 2254(b)(1), (c)." <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 839 (1999). In order to properly exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." 526 U.S. at 845; <u>see</u> 28 U.S.C. § 2254(b), (c). In a Florida non-capital case, this means

---

[1] The Court takes judicial notice of the records pertaining to Kitchen maintained by the Fourth District Court of Appeal's clerk, located at http://199.242.69.70/pls/ds/ds_docket?p_caseyear=2009&p_casenumber=3137&psCourt=4&psSearchType=. Fed. R. Ev. 201.

[2] The Eleventh Circuit recognizes the "mailbox" rule in connection with the filing of a prisoner's petition for writ of habeas corpus. <u>Adams v. United States</u>, 173 F.3d 1339 (11th Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing).

2

the applicant must have presented his claims in a district court of appeal. Upshaw v. Singletary, 70 F.3d 576, 579 (11th Cir. 1995).

Kitchen concedes he has not exhausted his State court remedies and he has actions pending in the State trial and appellate courts. He appears to have adequate time remaining to return to this Court after exhausting his State court remedies. Therefore, it is appropriate to dismiss the instant case without prejudice. Jimenez v. Fla. Dep't of Corr., 481 F.3d 1337, 1342 (11th Cir. 2007) (citing Rose v. Lundy, 455 U.S. 509, 522 (1982)). Kitchen may return to this Court and file a section 2254 habeas corpus petition after exhausting his remedies in State court. He is cautioned to return to this Court promptly because there is a one-year time limitation for filing a subsequent habeas corpus petition.[3] Any future petition will be subject to all applicable timeliness and procedural requirements.

Based upon the foregoing, it is recommended that Kitchen's Motion to Defer Ruling [DE# 4] be denied and the Respondent's Motion to Dismiss [DE# 5] be granted without prejudice.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

---

[3] A one-year statute of limitations applies to federal habeas petitions filed by state prisoners. 28 U.S.C. § 2244(d)(1). This period usually begins to run when the judgment becomes final after direct appeal or when the time to seek review has expired. Id. The period is tolled while properly filed applications for state post-conviction or collateral relief are pending with respect to the pertinent judgment or claim. 28 U.S.C. § 2244(d)(2). However, the statute is not tolled by a prior federal habeas petition. See Duncan v. Walker, 533 U.S. 167 (2001)(federal habeas petition is not an "application for State post-conviction or other collateral review" under §2244(d)(2)).

SIGNED this 18th day of February, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Kenneth Kitchen, pro se
 DC# K70033
 Reception and Medical Center, West Unit
 8183 SW 152 Loop
 PO Box 628
 Lake Butler, FL 32054-0628

 Katherine McIntire, AAG
 Office of the Attorney General
 1515 North Flagler Drive
 Suite 900
 West Palm Beach, FL 33401-2299